**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARROW BOGGIANO

    Plaintiff,

    v.

CITY OF SAN FRANCISCO,

    Defendant.
_____/

No. C 05-2908 PJH

**ORDER SUA SPONTE DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**

    Plaintiff filed her original complaint and application to proceed in forma pauperis on July 18, 2005. On August 30, 2005, this court entered an order sua sponte dismissing plaintiff's complaint because the federal claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) were time-barred by the applicable statute of limitations. The court held that plaintiff could file an amended complaint if she could allege facts showing why the statute of limitations for the § 1983 and § 1985 claims should be equitably tolled.

    Plaintiff filed her amended complaint on September 23, 2005. Having reviewed that complaint, the court dismisses without leave to amend because plaintiff has failed to allege facts sufficient to support the application of equitable tolling.

    This court must look to California law to determine under what circumstances the doctrine of equitable tolling may apply. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Tolling is appropriate where the record shows (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct on the part of the plaintiff. Collier v. City of Pasadena, 142 Cal. App. 3d 917, 924-926 (1983); see also Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1137 (2001) (describing Collier as "the

most oft-quoted formulation of California's law" on equitable tolling).

Here, plaintiff suggests that tolling is appropriate based on a prior action she commenced in October 2002 in this court against a multitude of defendants including the City and County of San Francisco. Boggiano v. Kapoor et al, case no. 02-05644. She implies that that action is sufficiently related so as to have put the City on notice of the present action and give the City an opportunity to prepare a defense.

Plaintiff has likely met the first equitable tolling element, timely notice to the defendant in filing the original claim, because she filed that first action before the statute of limitations expired. With respect to the second element, it is not clear to this court that plaintiff has alleged facts that sufficiently address whether the City would be without prejudice in gathering evidence to defend against the present complaint. See Cervantes v. City of San Diego, 5 F.3d 1273, 1275-76 (9th Cir. 1993) (courts must apply the three-prong test).

However, even assuming that the City was not prejudiced, equitable tolling is not appropriate because plaintiff has not alleged any explanation for how her delay in filing the new complaint against the City is "reasonable conduct." Daviton, 241 F.3d at 1137. The earlier action against the City was dismissed and the case was terminated on April 13, 2004. Boggiano v. Kapoor et al, case no. 02-05644. Plaintiff has made no allegations that adequately address the reasonableness element with respect to her delay of more than a year before commencing the present action against the City. See Ervin v. County of Los Angeles, 848 F.2d 1018, 1020 (9th Cir. 1988) (year and a half wait to file second claim unreasonable and not in good faith as a matter of law), and cert. denied, 489 U.S. 1014 (1989).

If anything, plaintiff's decision to initiate the present action on July 18, 2005, appears to have been prompted by this court's dismissal on July 1, 2005, of an action against certain other defendants concerning the same underlying facts and general allegations. See Boggiano v. Art Kapoor Realty, Inc. Et al, case no. 04-03054. Plaintiff has also not alleged any explanation as to why she did not bring the present claims in the action initiated in October 2002. See Del Percio v. Thornsley, 877 F.2d 785, 786 n. 1 (9th Cir.1989).

Although plaintiff's pro se status has been taken into account, there comes a point at which the deficiencies in a plaintiff's case are legally intractable. See Washington v. Garrett, 10 F.3d 1421, 1437 (9th Cir. 1993) (acknowledging that plaintiff was proceeding pro se, but holding nonetheless that "the equitable tolling doctrine is not appropriate in cases . . . of 'garden variety' neglect.").

In short, plaintiff has failed to allege sufficient facts in her amended complaint to cure the defects of her original complaint and make out a case for equitable tolling. Accordingly, plaintiff's federal claims are barred by the statute of limitations and will be dismissed.

As the § 1983 and § 1985 claims are dismissed, this court lacks subject matter jurisdiction over the remaining state law claims asserted in the complaint and the entire complaint must be, and hereby is, dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: November 8, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge